UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE AMEND,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>                                    Defendant. | Case No.:  20cv1566-LL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 2]** |

Currently before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. Plaintiff, proceeding through counsel, has submitted a Complaint for judicial review of a final decision of the Commissioner of Social Security. ECF No. 1 ("Compl."). The Court reviews Plaintiff's Complaint under 28 U.S.C. § 1915(e), as required when a Plaintiff files a Motion to Proceed IFP. Upon review of Plaintiff's Motion and Complaint, the Court finds Plaintiff's Complaint does not sufficiently state a claim for relief. Accordingly, Plaintiff's Motion to Proceed IFP is **DENIED WITHOUT PREJUDICE,** and Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND.**

///

///

I. **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), reversed on other grounds by 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).

Here, Plaintiff's affidavit of assets indicates he is not employed. ECF No. 2 at 2. Plaintiff attests his only source of income is food stamps in the amount of $190.00 a month. ECF No. 2 at 2, 5. Plaintiff claims monthly expenses of $1,295.00. Id. at 5. In addition, Plaintiff states he has used his residence (valued at $125,000) as collateral for a bank loan of $40,000 to cover his monthly expenses. Id. at 2, 5. Plaintiff's only other significant asset is a vehicle valued at $500. Id. at 3. Plaintiff further attests to have incurred an additional $25,000 in credit card debt. Id. at 5.

Based on the information provided, the Court finds Plaintiff has established he is unable to pay the required filing fee without impairing his ability to pay for life's necessities, but **DENIES WITHOUT PREJUDICE** the motion for failure to state a claim for relief.

## II. **INITIAL SCREENING**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Montoya v. Colvin, No. 2:16-cv-00454-RFB-NJK, 2016 U.S. Dist. LEXIS 30114, at *3-5 (D. Nev. Mar. 8, 2016) (collecting cases); see also Skylar v. Saul, No. 19cv1581-NLS, 2019 U.S. Dist. LEXIS 145819, at *2-3 (S.D. Cal. Aug. 27, 2019).

Here, Plaintiff's Complaint fails to sufficiently identify the nature of his disagreement with the Social Security Administration's determination. See Compl. Instead, Plaintiff's Complaint simply lists the factual and legal findings made by the ALJ, along with conclusory allegations that: (1) the ALJ "failed to properly evaluate" Plaintiff's testimony and the testimony of his treating physician; and that (2) the ALJ's decision is "not supported by substantial evidence." Id. at 3-4.

This is not sufficient. Plaintiff makes no attempt to explain how the ALJ failed to properly evaluate his testimony or the testimony of his treating physician. See Parker D. v. Saul, No. 3:19-cv-01818-AHG, 2019 U.S. Dist. LEXIS 176704, at *3 (S.D. Cal. Oct. 10, 2019) (dismissing complaint where plaintiff failed to "explain what medical evidence or testimony conflicts with the Commissioner's decision."). Similarly, Plaintiff's mere assertion that the ALJ's decision is "not supported by substantial evidence" provides no specific claims or facts to allow Defendant to form the basis of a defense. See Skylar, 2019 U.S. Dist. LEXIS 145819, at *4 (dismissing complaint where plaintiff merely alleged a lack of "substantial evidence" to support the ALJ's finding). Such conclusory allegations are insufficient to state a claim for relief. See Williams v. Berryhill, No. 18-cv-2678-AJB-BLM, 2019 U.S. Dist. LEXIS 104445, at *3 (S.D. Cal. June 20, 2019).

## III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion and **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND.** Plaintiff is granted until **October 16, 2020** to file an amended complaint that cures the deficiencies set forth above. If Plaintiff fails to do so within the time permitted, the Court may enter a final order dismissing the action with prejudice.

**IT IS SO ORDERED.**

1 | Dated: September 17, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge