UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE AMEND,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>                              Defendant. | Case No.:  20cv1566-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 8]** |

The instant matter was initiated on August 13, 2020, when Plaintiff filed a Complaint "for judicial review of the Commissioner's final administrative decision[.]" ECF No. 1. Plaintiff concurrently filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. at 2. On September 17, 2020, the Court issued an Order Denying Without Prejudice Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Dismissing Plaintiff's Complaint with Leave to Amend. ECF No. 5.

On October 16, 2020, Plaintiff filed an Amended Complaint. ECF No. 7. On October 20, 2020, Plaintiff re-filed his Motion for Leave to Proceed *in forma pauperis*. ECF No.8. Having reviewed the Plaintiff's Amended Complaint, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* and finds that Plaintiff's Amended Complaint is sufficient to survive *sua sponte* screening.

## I. MOTION TO PROCEED IFP

The Court notes Plaintiff's renewed Motion for Leave to Proceed IFP is identical to the one Plaintiff previously filed on August 13, 2020. See ECF Nos. 2, 8. Accordingly, the Court finds Plaintiff has established he is entitled to IFP status for the reasons already set forth in the Court's prior September 27, 2020 Order. See ECF No. 5 at 2.

## II. INITIAL SCREENING

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Montoya v. Colvin, No. 2:16-cv-00454-RFB-NJK, 2016 U.S. Dist. LEXIS 30114, at *3-5 (D. Nev. Mar. 8, 2016) (collecting cases); see also Skylar v. Saul, No. 19cv1581-NLS, 2019 U.S. Dist. LEXIS 145819, at *2-3 (S.D. Cal. Aug. 27, 2019).

After reviewing the Amended Complaint, the Court finds Plaintiff has established the elements necessary to survive *sua sponte* screening. Plaintiff's Amended Complaint states Plaintiff resides within the jurisdictional boundaries of this Court in San Diego, CA. ECF No. 7 at 2. Plaintiff's Amended Complaint further provides that: (1) Plaintiff filed a request for review of the ALJ's decision to the Appeals Council on August 26, 2019; and (2) "[o]n June 9, 2020, the Appeals Council denied [Plaintiff's] request for review, making the ALJ decision the final decision of the Commissioner of Social Security." Id. at 2-3.

Plaintiff's Amended Complaint further alleges an onset date of June 3, 2019, and that Plaintiff has "multiple mental and physical health impairments" including "major depressive disorder; anxiety disorder; bipolar mood disorder; panic disorder; degenerative disc disease of the lumbar spine; bilateral knee strain; lumbar radiculopathy; asthma; type II diabetes and allergic rhinitis." Id. at 4.

Finally, Plaintiff's Amended Complaint indicates the nature of his disagreement with the determination made by the Social Security Administration in asserting that "the ALJ erred when he found [Plaintiff] was able to perform medium work[.]" Id. at 5. Specifically, Plaintiff alleges the ALJ's opinion that Plaintiff "did not require a cane for ambulation" was erroneous, and instead "substantial evidence demonstrates [Plaintiff] requires a cane for ambulation", and Plaintiff's use of a cane "should have limited [Plaintiff] to Light or Sedentary work" under the Social Security Regulations. Id. at 4-5.

In light of the Court's ruling on the IFP motion, **IT IS FURTHER ORDERED:**

1. The United States Marshal shall serve a copy of the Amended Complaint [ECF No. 7] and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure and consistent with Civil Local Rule 7.1(e)(6).

3. Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service.

**IT IS SO ORDERED.**

1  Dated:  October 22, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge